## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **DEVELLE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **No. 16-2567-STA-egb** |
| | ) | |
| **SHELBY COUNTY and** | ) | |
| **ARAMARK FOOD SERVICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

### ORDER DISMISSING CLAIMS AND GRANTING LEAVE TO AMEND

---

On July 11, 2016, Plaintiff Develle Johnson, who at the time of filing was incarcerated at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. On July 15, 2016, the Court granted Johnson leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). The Clerk shall record the defendants as Shelby County[1] and Aramark Food Service.

---

[1] The Court construes claims against the jail as claims against Shelby County. The Clerk is DIRECTED to remove Shelby County Jail as a defendant and add Shelby County.

## BACKGROUND

Johnson alleges that Shelby County and Aramark Food Service ("Aramark") served him such poor food and drink that he became sick and began to suffer from headaches and dizziness. Johnson seeks a court order directing the County and Aramark to improve the quality of the nutrition served to inmates at the jail.

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards for pleadings under Federal Rule of Civil Procedure 12(b)(6) announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could

satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (internal quotation omitted); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.").

## I. Section 1983

Johnson filed his Complaint on the court-supplied form for actions under 42 U.S.C. § 1983.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a

defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  In this case Johnson alleges that Defendant failed to serve wholesome food or beverages to inmates and detainees at the Shelby County Jail.  The Eighth Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate for the maintenance of normal health.  *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977); *see also Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006).

The Court holds that Johnson's Complaint has failed to state a claim.  First, Johnson has not asserted a valid claim against Aramark.  Just as a private corporation carrying out other state functions at a jail may act under color of law, Aramark's act of providing food service at the jail is state action for purposes of § 1983.  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983."  *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  To hold Aramark liable under § 1983, Johnson "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights.  *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  A prisoner cannot hold a private corporation liable for the violation of his constitutional rights "under a theory of respondeat superior."  *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).  In the absence of some allegation that Aramark's policy or custom was the moving force behind a constitutional injury, Johnson has failed to state a claim against Aramark.

For the same reasons, Johnson has failed to state a claim against Shelby County.  The Complaint alleges no facts to show that Shelby County is liable for a violation of Johnson's constitutional rights.   Just like a private corporation acting under color of law, a local

government "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original). The allegations of Johnson's Complaint fail to identify an official policy or custom which caused a constitutional injury to Johnson. Instead, it appears that Johnson has named Shelby County as a party because he was confined at the county jail. The Complaint does not, however, allege the existence of a municipal policy or custom that caused the deprivation of any right. Therefore, the Complaint fails to state a claim.

Even if Johnson had plausibly alleged that Defendants were responsible for poor nutrition at the jail, the Complaint does not allege that Defendants had subjective knowledge of the poor quality of the food or that the inadequate food posed a substantial risk to inmates and detainees. An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Id.* Specifically, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Id.* Johnson has alleged no facts to show that either Defendant served Johnson with poor quality food with deliberate indifference. The Complaint does not plausibly allege a violation of the Eighth Amendment. Therefore, the Complaint must be **DISMISSED**.

## II. Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court concludes that Johnson could amend his pleadings to

cure the defects identified here.  Therefore, the Court will grant Johnson leave to amend his
Complaint.

## <u>CONCLUSION</u>

The Court **DISMISSES** Johnson's Complaint for failure to state a claim on which relief
can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1).  However, the Court
cannot conclude that any amendment to Johnson's Complaint would be futile as a matter of law.
Therefore, Johnson is **GRANTED** leave to amend his complaint.  Any amendment must be filed
within 30 days after the date of this order.  Johnson is advised that an amended complaint
supersedes the original complaint and must be complete in itself without reference to the prior
pleadings.  The text of the amended complaint must allege sufficient facts to support each claim
without reference to any extraneous document.  Any exhibits must be identified by number in the
text of the amended complaint and must be attached to the amended complaint.  All claims
alleged in an amended complaint must arise from the facts alleged in the original complaint.
Johnson may add additional defendants provided that the claims against the new parties arise
from the acts and omissions set forth in the original complaint.  Each claim for relief must be
stated in a separate count and must identify each defendant sued in that count.  If Johnson fails to
file an amended complaint within the time specified, the Court will assess a strike pursuant to 28
U.S.C. § 1915(g) and enter judgment.

Johnson shall promptly notify the Clerk, in writing, of any change of address or extended

absence.  Failure to comply with these requirements, or any other order of the Court, may result

in the dismissal of this case without further notice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  July 20, 2017.